UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| RANDOLPH CADET,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Civ. Action No.<br><br>2:14-cv-7728-SDW-SCM<br><br>**ON DEFENDANT'S MOTION TO DISMISS [D.E. 6] AND PLAINTIFFS' MOTION TO REMAND [D.E. 7]** |

REPORT AND RECOMMENDATION

STEVEN C. MANNION, United States Magistrate Judge.

I.  INTRODUCTION

Before the Court is defendant United States' ("Defendant") motion to dismiss for lack of jurisdiction, (ECF Docket Entry No. ("D.E.") 6) and plaintiff Randolph Cadet's ("Plaintiff") motion to remand this case to state court. (D.E. 7). Pursuant to Local Civil Rule 72.1(a)(2), the Honorable Susan D. Wigenton, United States District Judge, has referred the instant matter to the undersigned for report and recommendation. Having considered the parties' respective submissions without oral arguments pursuant to Federal Rule of Civil Procedure 78, and for the reasons set forth herein, it is respectfully recommended

1

that Defendant's motion to dismiss be **GRANTED** and Plaintiff's motion to remand be **DENIED**.

II. **BACKGROUND**

On May 20, 2014, plaintiff Cadet filed his Complaint *pro se* in the Superior Court of New Jersey, Law Division asserting that defendant Athena Pappas created a hostile work environment "since August 2013" and on May 15, 2014 published a defamatory e-mail about him. (Complaint, D.E. 1 at Exh. A).

On December 11, 2014, the United States removed this case to Federal court. (D.E. 1).[1]  The notice was supported by a *Westfall* Certification by the United States Attorney's Office that Pappas "was acting within the scope of her employment with the United States of America at the time of the incident(s) out of which this suit arose…." (D.E. 1, Exh. C).  Four days later, it filed a notice of substitution for defendant Pappas pursuant to 28 U.S.C. § 2679(d)(2). (D.E. 2).

On December 23, 2014, the United States moved to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). (D.E. 6).  Plaintiff did not "oppose," but

---

[1] A notice of removal must include copies of all "process, pleadings, and orders served upon such defendant … in such action." 28 U.S.C. § 1446(a). Defendant's Notice of Removal included copies of the Summons, Complaint, and a Certification of Scope of Employment. (D.E. 1).

2

filed a request to remand on January 23, 2015, (D.E. 7), which Defendant opposed. (D.E. 8).

On March 8, 2015, the Court *sua sponte* extended Plaintiff's time to oppose the dismissal motion and Defendant's time to respond to Plaintiff's objection to the *Westfall* Certification. (D.E. 9).  Plaintiff did not file any additional submissions, but Defendant did.  See (D.E. 10).

### III. DISCUSSION AND ANALYSIS

The Complaint alleges that defendant Athena Pappas created a hostile work environment "since August 2013" and on May 15, 2014 published a defamatory e-mail about him. (Complaint, D.E. 1 at Exh. A).  The Federal Tort Claims Act ("FTCA"), however, bars claims against the United States for wrongful use of civil proceedings and defamation. *Brumfield v. Sanders*, 232 F.3d 376, 382 - 383 (3d Cir. 2000) (citing 28 U.S.C. § 2608(h)).  This result equally applies despite efforts to distinguish claims "by draping them with different dress and labels fail[] to disguise their substantive similarity." Id. at 383.  Thus, if the United States is the real party here, Plaintiff's claims should be dismissed.

Plaintiff conceded in his Motion to Remand "that if the

3

conduct [by Pappas] was committed within the scope of employment, substitution of the United States as the defendant and removal to federal court was appropriate." (D.E. 7 at ¶ III). Of course dismissal would then also be appropriate.

<u>The Substitution</u>

In 1988, Congress clarified the terms of the United States' waiver of sovereign immunity under the FTCA through the Federal Employees Liability Reform and Tort Compensation Act of 1988 (the "Westfall Act"). The Westfall Act provides absolute immunity to federal employees in the wake of *Westfall v. Erwin*, 484 U.S. 292, 108 S.Ct. 580, 98 L.Ed.2d 619 (1988), by making suit under the FTCA against the United States the exclusive remedy for negligent or wrongful acts by federal employees committed within the scope of employment. *Lomando v. U.S.*, 667 F.3d 363, 375 (3d Cir. 2011).

Title 28 U.S.C. § 2679(d)(2) states that:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against

4

> the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal. [Id.]

The Certification by the United States Attorney's Office in support of removal stated that Pappas "was acting within the scope of her employment with the United States of America at the time of the incident(s) out of which this suit arose…." (D.E. 1, Exh. C). Plaintiff challenges the substitution of the United States and essentially asserts that Pappas was not acting within the scope of her Federal employment.

In the context of *Westfall* Certifications, the Third Circuit has recognized that a court can rule on the certification without conducting discovery or a hearing and may resolve the scope of employment issue as a matter of law. *Schrob v. Catterson*, 967 F.2d 929, 935–36 (3d Cir. 1992). Determining whether the government employee was acting within the scope of his employment requires a court to consult the relevant state law of *respondeat superior*. *Brumfield v. Sanders*, 232 F.3d 376, 380 (3d Cir. 2000). A plaintiff may rebut a *Westfall* Certification by pleading facts sufficient to establish that the employee acted outside the scope of his employment.

5

*Sharratt v. Murtha*, 437 Fed.Appx. 167, 172 (3rd Cir. 2011).

New Jersey law provides that an employee acts within the scope of employment if the action is (1) of the kind that the servant is employed to perform; (2) it occurs substantially within the authorized time and space limits; and (3) it is actuated, at least in part, by a purpose to serve the master. *Abbamont v. Piscataway Tp. Bd. Of Educ.*, 138 N.J. 405, 650 A.2d 958, 963 (1994); *Di Cosala v. Kay*, 91 N.J. 159, 450 A.2d 508 (1982). If all three criteria are satisfied, the employer's liability "'may extend even to intentional or criminal acts committed by the servant" and even to acts not authorized by the employer "if they are clearly incidental to the master's business.'" See *Brumfield*, 232 F.3d at 381 (citation omitted); *Kielty v. Ali*, Civil Action No. 07-5719, 2008 WL 2783340, *4 (July 16, 2008).

(1) <u>Conduct The Servant Is Employed to Perform</u>

Plaintiff acknowledges that Athena Pappas "is the 421 GS-7 Plant Protection Technician who has been employed by USDA for approximately 12 years." (D.E. 7 at ¶ IV). He argues that Pappas acted outside her role as a Plant Protection Technician. (D.E. 7 at ¶ V).

6

The defense argues "representing employees in their EEO claims was the type of action she [Pappas] was employed to perform. Cadet had approved her use of official time for that purpose." (D.E. 10 at 7, citing D.E. 8, Pltf. Motion to Remand). "Although her position description does not mention it, APHIS explicitly sanctioned employees' use of official time to conduct EEO activity."  (D.E. 10 at 7).

From the correspondence attached to Plaintiff's submission, and the Defendant's submissions, it is clear Pappas was acting as an Equal Employment Opportunity representative for another employee at all times relevant.  It is immaterial that in that role she was not acting as a Plant Protection Technician *per se*, she was performing a recognized collateral duty that could be assigned to any employee.

(2) <u>Time and Location of Conduct</u>

Defendant asserts that "Pappas wrote the e-mail substantially within the authorized time and space limits of her employment." (D.E. 10 at 7).  Plaintiff does not dispute that the subject email was sent from Pappas' work email at 8:30 a.m., during her regular work hours. (D.E. 7 at ¶ III; D.E. 10-1 at ¶ 3).  Thus, this factor supports substitution.

### (3) Purpose of The Conduct

Plaintiff further contends Pappas improperly identified herself as the "Representative for W. McNeil" in her email signature. (D.E. 7 at ¶ V). The defense counters that "Pappas' conduct was actuated, at least in part, by a purpose to serve the master, i.e., the USDA. To determine the USDA's purpose, one needs to consider what the agency's interests were. Here, the USDA needed to comply with its equal opportunity obligations." (D.E. 10 at 7).

This Court agrees. The motion record is clear that Pappas' conduct was motivated at least in part to serve her employer's mission to prevent employment discrimination, and thus, recommends a finding that Pappas acted within the scope of her employment. Consequently, the removal and substitution were appropriate and dismissal is required because the Federal Tort Claims Act bars claims against the United States for wrongful use of civil proceedings and defamation. *Brumfield*, 232 F.3d at 382 - 383 (citing 28 U.S.C. § 2608(h)). The remand motion should therefore be denied or deemed moot.

## IV. CONCLUSION

In conclusion, it is respectfully recommended that

Defendant's Motion to Dismiss (D.E. 6) be **GRANTED** and Plaintiff's Motion to Remand (D.E. 7) be **DENIED**.

The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and L. Civ. R. 71.1(c)(2).



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

5/17/2015 4:35:37 PM

c (via ECF):

Defense Counsel

c (via U.S. Mail):

MR. RANDOLPH CADET
20 MILL POND ROAD
JACKSON, NJ 08527